IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELLS FARGO BANK N.A., a national association organized and existing under the laws of The United States of America, formerly known as Wachovia Bank of Delaware, National Association, a national association organized and existing under the laws of The United States of America, <br><br> Plaintiff, <br><br> v. <br><br> JUANITA D. JOHNSON and STANLEY JOHNSON, SR., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 11-1205-SLR ) Del. Super. Civ. No. S11L-10-087 ) ) ) ) ) |

## MEMORANDUM ORDER

At Wilmington this 17th day of April, 2012, having considered plaintiff's motion to remand (D.I. 9);

IT IS ORDERED that the motion is granted and the case is remanded to the Superior Court of the State of Delaware in and for Sussex County, for the reasons that follow:

1. **Background.** Defendants Juanita D. Johnson ("Juanita") and Stanley Johnson, Sr. ("Stanley") (together "defendants") proceed pro se and have been granted leave to proceed in forma pauperis. On October 24, 2011, plaintiff Wells Fargo Bank, N.A. (formerly known as Wachovia Bank of Delaware, National Association ("Wachovia")) ("plaintiff") filed an in rem scire facias sur mortgage action, a proceeding used to foreclose a mortgage, against defendants in the Superior Court of the State

Delaware ("Superior Court"), *Wells Fargo Bank, N.A. v. Johnson*, Del. Super. Civ. No. S11L-10-087. (D.I. 10, ex. A); *see Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893 (Del. Super. 1973). "The writ requires the mortgagor to "show cause why judgment should not be given against him or her for the amount of the mortgage debt with a special execution for the sale of the mortgaged premises." *Id.* at 894. On December 6, 2011, defendants filed a notice of removal pursuant to 28 U.S.C. §§ 157, 1334, 1452, Fed. R. Bankr. P. 9027, and 11 U.S.C. §§ 362 and 365. (D.I. 1) On January 5, 2012, plaintiff filed a motion to remand. (D.I. 9) Defendants did not file a response to the motion.

2. **Removal**. Civil proceedings may be removed to federal court under the authority of 28 U.S.C. § 1452(a) when they fit within the scope of bankruptcy jurisdiction as defined in 28 U.S.C. § 1334, the jurisdictional statute for bankruptcy cases and proceedings. *See also* Fed. R. Bankr. P. 9027. Removal occurs automatically upon the filing of a timely notice of removal with the appropriate court. Once a proceeding is removed, § 1452(b) provides authority for it to be remanded back to state court "on any equitable ground." *Id.* at § 1452(b).

3. **Discussion**. On October 7, 2009, Juanita and Stanley executed and delivered to Wachovia a mortgage for the real property at issue in the Superior Court case. (D.I. 10, ex. A) Juanita and Stanley, who are married, filed separate chapter 7 bankruptcy proceedings in December 2010. Juanita's bankruptcy case, *In re Juanita D. Johnson*, Bankruptcy No. 10-14010-BLS (Bankr. D. Del.), closed on April 7, 2011. (*See Johnson*, Bankr. No. 10-14010-BLS, at D.I. 43, 44) She listed the real property at issue

2

as a debt secured by property of the estate, not claimed as exempt, indicated that the property would be surrendered, and listed the creditor as Wells Fargo/Wachovia. (*Id.* at D.I. 20, 21)

4. In Stanley's bankruptcy case, *In re Stanley Johnson, Sr.*, Bankruptcy No. 10-14011-BLS (Bankr. D. Del.), an order of discharge was entered on April 28, 2011, and the case closed on May 6, 2011, following entry of an order approving the Trustee's report of no distribution, abandonment listed thereon, and closing the case. (*See Johnson*, Bankr. No. 10-14011-BLS, at D.I. 35, 37) Stanley's bankruptcy petition lists as property of his bankruptcy estate the same real property as in Juanita's bankruptcy petition. (*Id.* at D.I. 1) As best as can be discerned, unlike Juanita, Stanley did not list the real property as a debt secured by property of the estate, claim it as exempt, indicate that it would be surrendered, or list plaintiff or Wachovia as a creditor of the property. Stanley's bankruptcy case was reopened on August 31, 2011 to add creditors who did not file claims. (*Id.* at D.I. 47) On October 24, 2011, after Stanley's bankruptcy case had reopened, plaintiff filed the action in Superior Court against defendants. Stanley's bankruptcy case closed on November 1, 2011. The notice of removal was filed on December 6, 2011 after both bankruptcy cases had closed. In the notice of removal, defendants refer to Stanley's April 28, 2011 order of discharge and contend that, in filing the Superior Court action, plaintiff violated the Bankruptcy Court's automatic stay provisions pursuant to 11 U.S.C. §§ 362, 365, and 524(e).

5. **Automatic stay.** The filing of a bankruptcy petition triggers an automatic stay pursuant to 11 U.S.C. § 362. All judicial actions against a debtor seeking recovery on a

3

claim that were or could have been brought before commencement of a bankruptcy case are automatically stayed. *Id.* at § 362(a). Once triggered, the automatic stay of an action pending against the debtor in district court "continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) (citing 11 U.S.C. §§ 362(a), (c)(2), (d), (e), (f)).

6. Generally, any action taken in violation of the automatic stay is void ab initio. *Maritime Elec. Co.*, 959 F.2d at 1206. The Third Circuit, however, has recognized an exception to that rule and clarified that actions taken in violation of the automatic stay are voidable, rather than void ab initio, since they are subject to validation through annulment of the stay pursuant to § 362(d). *See In re Siciliano*, 13 F.3d 748, 750-51 (3d Cir. 1994). Subsection 362(d) of the Bankruptcy Code authorizes the Bankruptcy Court to annul the automatic stay and to grant retroactive relief from the stay. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). A court will generally only grant such relief when the action was taken without knowledge of the bankruptcy filing, and cause to grant relief from the stay would have otherwise existed. *Id.* The court may balance equities to recognize that an action taken in violation of the automatic stay is voidable when a mere technical violation is involved. *See Matthews v. Rosen*, 739 F.29 249 (7th Cir. 1984).

7. Courts have held that bankruptcy courts have the authority to sua sponte annul the automatic stay. *See In re Tara Hills, Inc.*, 234 F. App'x 432, 433 (9th Cir. 2007) (not published) (Bankruptcy courts have the authority to annul retroactively the

4

automatic stay and may do so sua sponte "to prevent an abuse of process."); *In re Mataragas*, 1997 WL 777254, at *2 (Bankr. N.D. Ill. Dec. 18, 1997) ("[T]his court will use the powers granted under § 105(a) in conjunction with § 362(d) to sua sponte annul the automatic stay . . . ."). *But see In re Brown*, 342 B.R. 248, 255 (Bankr. D. Md. 2006) (This court has not been asked to grant relief from the automatic stay nunc pro tunc by annulling the stay and sees no basis to do so sua sponte, particularly when the violation of the stay occurred with full knowledge of the filing of the bankruptcy case.).

8. In the present case, plaintiff filed its Superior Court proceedings a mere eight days prior to the second closing of Stanley's case and after Stanley had abandoned the property of the bankruptcy estate. No further action was taken that could prejudice Stanley as the debtor. In addition, it does not appear that plaintiff or Wachovia had notice of Stanley's bankruptcy. Finally, Stanley has alleged no reason, and the court finds none, to require plaintiff to replead and start its foreclosure anew. Accordingly, the court exercises is discretion under § 362(d) to annul the automatic stay retroactively and so validate the plaintiff's October 24, 2011 filing in the Superior Court.

9. **Remand.** The court now turns to the issues of removal and remand. Defendants' grounds for removal are related to now closed Chapter 7 bankruptcy proceedings filed in the United States Bankruptcy Court for the District of Delaware. (*See In re Juanita D. Johnson*, Bankr. No. 10-14010-BLS, D.I. 10, ex. B; *In re Sanley Johnson, Sr.*, Bankr. No. 10-14011-BLS, D.I. 10, ex. C) Defendants contend that plaintiff is violating the automatic stay. The court has validated the October 24, 2011 filing and, therefore, that issue is moot. Defendants also state that plaintiff harassed

them and illegally attempted to collect on the debt and seek damages for intentional infliction of emotional distress.

10. In its motion for remand, plaintiff refers to 28 U.S.C. § 1441(a) and argues that defendants have not met their burden for removing the case to this court. Plaintiff notes that defendants' claims have not been formally pled as a counterclaim and provide no grounds for removal. In addition, plaintiff argues that the removed case rests upon Delaware law, is a matter of state law, and cannot be removed to this court. Plaintiff does not address 28 U.S.C. § 1452, the statute that is the basis for removal of the case. The court address the statute inasmuch as Stanley's bankruptcy case was open at the time plaintiff filed the Superior Court proceeding.

11. As discussed, § 1452(b) provides authority for remand on any equitable ground. Factors considered by the court in determining whether equitable grounds exist include: (1) the court's duty to decide matters properly before it; (2) plaintiff's choice of forum as between state and federal courts; (3) whether purely state law matters which could be better addressed by the state court are involved; (4) prejudice to involuntarily removed parties; (5) comity considerations; (6) economical and/or duplicative use of judicial resources; and (7) effect a remand decision would have on the efficient and economic administration of the estate. *Gorse v. Long Neck, Ltd.*, 107 B.R. 479 (Bankr. D. Del. 1989); *see also In re Best*, 417 B.R. 259 (Bankr. E.D. Pa. 2009).

12. **Mandatory abstention.** The Third Circuit Court of Appeals has instructed that issues surrounding abstention, as set forth 28 U.S.C. § 1334(c), should first be

considered prior to application of the more general principles of equitable remand. *Stoe v. Flaherty*, 436 F.3d 209, 215 (3d Cir. 2006). Section 1334(c)(2) governs whether a district court must abstain from hearing a case. *Id.* Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the suit to proceed in state court. *Id.*

13. Under the mandatory abstention set forth in 28 U.S.C. § 1334(c)(2),[1] the court "must abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is 'related to' a case under title 11, but does not 'arise under' title 11 and does not 'arise in' a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action 'is commenced' in a state forum of appropriate jurisdiction; and (5) the action can be 'timely adjudicated' in a state forum of appropriate jurisdiction." *Stoe*, 436 F.3d at 213.

14. A claim involving state court foreclosure proceedings of a debtor's property is a non-core, related proceeding. *In re Best*, 417 B.R. at 272. Because its outcome could augment or diminish the debtor's estate, courts have determined that foreclosure proceedings are related to the bankruptcy case. *Id. See also Bevilacqua v.*

---

[1]Section 1334(c)(2) provides that, "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

7

*Bevilacqua*, 208 B.R. 11, 16 (Bankr. E.D.N.Y. 1997). Here, the elements of mandatory abstention have been established. The removed Superior Court action is based on state law claims and is a cause of action that does not arise under title 11; it appears that this court would not have jurisdiction over the proceeding but for its relation to the bankruptcy case; the proceeding is related to Stanley's chapter 7 bankruptcy proceeding; the Superior Court action was filed after abandonment of the property of the estate; and there is no indication that the Superior Court cannot timely adjudicate the matter. Accordingly, the court finds that mandatory abstention of the removed Superior Court action is appropriate. *See In re Best, supra; Cockrell v. Cox*, 2008 WL 654272 (S.D. Miss. Feb. 19, 2008) (debtor's removed state court complaint seeking, inter alia, to enjoin mortgagee from foreclosing was subject to mandatory abstention and remand); *In re Mill-Craft Bldg. Sys., Inc.*, 57 B.R. 531, 535 (Bankr. E.D. Wis. 1986) (mandatory abstention applied to removed state court foreclosure lawsuit). In addition, remand is appropriate for equitable reasons even were abstention not mandatory.

15. **Equitable grounds**. Plaintiff chose the state court as the forum in which to file its Superior Court action. The foreclosure proceedings are purely state law claims better addressed by the state court. *See In re Abruzzo*, 1999 WL 1271761, at *3 (Bankr. E.D. Pa. Dec. 28, 1999) (noting state court has more experience and expertise than bankruptcy court in foreclosure matters). This court exercised its discretion to annul the automatic stay in Stanley's bankruptcy case stay and to validate plaintiff's Superior Court filing. *See e.g., In re Borchardt*, 56 B.R. 791, 794 (Bankr. D. Minn. 1986) (When the bankruptcy court granted Farmers Bank relief from the automatic stay,

8

that court essentially determined that the state law claim should more appropriately be brought in state court.). Comity considerations support allowing the Superior Court to determine a civil action pending before it. Finally, there is no indication that the case cannot be timely adjudicated in the Superior Court. *See generally In re Grace Comty., Inc.*, 262 B.R. 625, 630 (Bankr. E.D. Pa. 2001) (non-core, related matters with no federal claims must be remanded if the action has been commenced in state court, and can be timely adjudicated there). For the above reasons, the court finds remand for equitable reasons is also appropriate.

16. **Conclusion.** For the reasons stated above, the court finds no basis for continued jurisdiction over the foreclosure proceeding and remands the action pursuant to 28 U.S.C. §1334 and § 1452, so that plaintiff can pursue its action in the Superior Court. The court **grants** the motion to remand. (D.I. 9) *Wells Fargo Bank, N.A. v. Johnson*, Del. Super. Ct. C.A. No. S11L-10-087 is **remanded** to the Superior Court of the State of Delaware in and for Sussex County.[2]

                                                                                  /s/
                                                    UNITED STATES DISTRICT JUDGE

---

[2]To the extent defendants have separate causes of action against plaintiff in this court, they must file a separate complaint establishing grounds for federal jurisdiction.